Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc.
Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

## IN THE UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| | | **FEDERAL QUESTION** |
| | | **[ JURY-TRIAL]** |
| **Renee D. Bell** | ) | **$80-M. -Demand.** |
| **Plaintiff,** | | **Case No: 6:05-cv-1806** |
| **v.** | | **& Case No:** 6:18 -CV-193 |
| **Florida-Highway-Patrol, et. Al** | | ~~MOTION~~ *Complaint* |
| **Larry, Costanzo.** | ) | **New-Case** ⚹ |
| **Defendants.** | | **FEDERAL-CLAIMS** |
| **&.** | ) | |
| **US Bank National Association** | | **1. Employment-Law** |
| **Merger/Leader/Mortgage,** | ) | **Fraud-Retaliation/Discrimination** |
| | | **Defamation …** |
| **Oak-Power-Park-HOA. et.al.** | | **2. Infringement on Homestead** |
| **c/o Marilyn Vance.** | | **[Rico-Act].** |
| **Defendants.** | ) | **3. Willful-Impediment-Obstruction** |
| **&. Fed-Ex.** | | **of Justice/Fed-Ex.** |
| **Defendants.** | ) | ✱✱✱ |
| _____/ | | |

*Comes* now, the undersign by and through Pro Se' authority, pursuant to Article (1) § 5,21, 22 Fl. Constitution, United States Constitution, and Title 28 U.S.C. §1654 Federal Statute. Hereby, file this request for New-Case/ and *OR* continuance of the instant case premise on federal-actions. The above caption-case is before this Court, for decades, a complex-case, with both state and federal claims. The state claims are decided against Title 42 U.S.C. §1983, a judgement is rendered. Therefore, the federal-actions intertwine amongst those claims remain. Pro-Se-plaintiff, is entitle to redress, and for good cause shown.

### PLAINTIFF HOLDS STANDING:
### TO BRING THIS SUIT "W/O DISMISSAL"
✱✱✱✱✱✱✱✱✱

Article III, Section 2, of the Constitution extends "Judicial-Power" of the United States, only to "Cases" and "Controversies," to be resolve by the Judicial-process. *Muskrat v. United States*, supra at 356, 357 (1911).

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc. Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

The standing to sue is part of the common understanding of what it takes to make a justiciable case . _Whitmore v. Arkansas_, 495 U.S. 149, 155, (1990). The common under –standing, of what activities are appropriate to Legislatures, Executives, and Courts,: See: _Luan v. Defenders of Wildlife_, 504 U.S. 555, 559-560, (1992). There are **Three-Elements: First: (1). Injury-In-Fact**, Harm suffered by the Plaintiff, that is "concrete" and "actual or imminent " not conjectural, or hypothetical." _Whitmore v. Arkansas_, 495 U.S. 149, 155, (1990). (quoting: _Los Angeles v. Lyons_ 461 U.S. 95 101-102 (1983);  **(2). There must be Causation**.- fairly traceable-connection between the plaintiffs injury and the complained-of conduct, of the defendant. See: _Simon v. Eastern Ky. Welfare Rights Organization_, 426 U.S. 26, 41-42 (1976). And Third,**(3). There must be Redressability**. -a likelihood that the requested relief will redress the alleged injury. _Id_ at 45, 46; See also, _Warth v. Seldin_, 422 U.S. 490, 505 (1975). Aforesaid constitute the Core, of **Article-III** case-controversy, requirement. The party invoking Federal-Jurisdiction bears burden of establishing its existence. _FW/PBS, Inc. v. Dallas_, 493 U.S. 215, 231 (1990). Requirements on the elements, are met. _**Further**_, pre-requisites are met, and exhaustion of administrative remedy, the result: "Right-to-Suit-Letters."

_**In sum,**_ the issue is whether plaintiff is entitled to redress post-a dismissal with Prejudice, and whether, Renee D. Bell Complaint should be subject to Statute of – Limitations. Statute tolled pursuant to Florida Statute F.S. §95.051, (a)(c)(g)(h). The **Equitable Tolling Doctrine -OR-Equitable Estopple: is consistent with the principle that a wrongdoer, shouldn't be able to benefit from his own wrong,** and toll limitation period for an [administrative appeal of a public employee discharge]. See: Fla. Stat. 95.11

a. Defendants, [FHP, et.al] had control and superior, if not [exclusive] knowledge of the facts, necessary for plaintiff to assert a claim. [ Moreover, this U.S. District Court, is aware] that plaintiff, succeeded by favorable-mandate, on her second - amendment of a petition, that verify claim, is asserted. The same is indicative genuine issue of material fact.-exist.]

b. Defendants,[ FHP] by subsequent misrepresentations-on allegations within its dismissal-motions, concealed necessary facts, from the court and multiple filings of needless motions to dismiss. Defendants often improperly comment on statements, made by the Court, to support their allegations, [[though a superior court], acknowledged plaintiff satisfied requirements to proceed.

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc.
Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

The U.S. appellate Court within mandate that plaintiff, should demonstrate claims that bore on complaint. [Doc:69-mandate] the District Ct ] never granted an-- opportunity. Wherefore, district court, aware that an amended petition-would not be perfected, that this court, did-not allow corrections according to mandated order, or demonstration to comply.

C. The aforemention, did not intercept [commencement of the action, which is timely. However, the conduct above intentionally block case moving forward. Although, the mandate contend to move forth by [stripping-un-necessary claim] there is interference, [ numerous motions, with wrong-mis-representations] on behalf of plaintiff. The conduct is retaliation to conceal essential facts, not yet discovered, and case is denied moving forth. The case began discovery prior final- appeal. However [ stay] is not in place, to resume discovery [Post-Appeal].  An extensive amount of time on the court-docket, after favorable mandate-is ordered in place for plaintiff, defendant-FHP sabotaged, and under-minded the cause by statements that the discharge of case, is to rules not followed. [ clearly, a different statement than stated on Doc:69] the US District Court provided-[Pro-Bono] counsel, for complex case. However, counsel respectively resign, irreconcilable differences, [NOT on part of the plaintiff, However, [confidential-attorney-client] that if [Pro-Bono] counsel proceeded-the plaintiff would face great difficulty, in loss of personal-property-demonstrated above, liens, denials , etc....concerning employment, if plaintiff, continued with case. Therefore, Pro-Bono-Counsel resigned. [respectable-counsel, not able to proceed-that controversy between plaintiff, and defendant-[FHP] counsel, respectively did-not wish to proceed in the situation. [ Plaintiff, agree-no-one should-be placed in the situation, where they are subjected and or [in-middle] of a controversy.

Therefore, the aforesaid, hindered plaintiffs, civil action for decades. The case is on this civil-docket approx.: fourteen years, back/forth, Until the latest appeal ended. The manipulation of the [Motions-to Dismiss] with inaccurate allegations prevented timely commencing on the action-such as: **request for trial**. Moreover, the defendants, non-desirable statements, placed on docket, [are public-documents which if not truthful, display character, non-attributed to the plaintiff, in order to cause harm, by demeaning plaintiff, [ to loose respect of others-in the same manner such as court-proceedings, and other similar situated cases/causes].

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc. Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

Equitable tolling of time limits has been permitted in federal actions where "active deception" took place. *Cottrell v. Newspaper Agency Corp*. 590 F.2d 836, 838-839 (1979).  Where plaintiff, has been "lulled into inaction by past employer, state or federal agencies or the *courts*". *Miller v. Marsh*, 766 F. 2d 490,493 1985).; Martinez *v. Orr*, 738 F.2d 1107,1112, (1984), where a plaintiff been "actively misled" or **"has in some extraordinary way been prevented from asserting his or her rights."** [Here, Court-*access* is denied]. *Wilkerson v. Siegfried Insurance Agency*, Inc., 683 F.2d 344, 348 (1982).  **The defendants, [FHP] acting under color of state law deprived plaintiff, of rights secured by the US Constitution, and or federal statutes. Furthermore, did-so with the above named Co-conspirators, in the above caption.** The plaintiffs, cause of action under §1983 which dismissed in error. ..*Gibson v. United States*, 781 F.2d 1334, 1338, (9th Circuit 1986) (1). Further, 1983 imposes liability upon municipalities, for constitutional deprivations resulting from actions taken pursuant to government policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, (1978). Conforming that the individual officers conduct, conformed to official policy, customs, and or practices. *Shah v. County of Los Angeles*, 797 F.2d 743, 747 1986. **The District court err on dismissal, without leave to amend, after a post-appeal return.** The magistrate ordered Pro-Se, plaintiff corrections, are needed on complaint, which complaint dismiss-insufficient, and could not withstand a Motion to Dismiss. However, the Court failed to explain how complaint was deficient, [that conformed to a Mandate, at Doc:69].  Wherefore, is an abuse discretion on statement of Non-compliance . At hands of [FHP] plaintiff, suffered discrimination in employment, on the basis of race. 42 USC § 1981, the defendants, FHP-agents Costanzo, on authority of agent Brown. 42 USC §§ 1985,1986 conspiracies to interfere with Civil-Rights, plaintiff, denied medical, and health needs, on basis of race., conspiracy, class-based animus, deprived equal protection/equal privileges of the law.1985 (3), The agent [Brown-and FHP] known of the impending violations but neglected and refused to prevent the violations, to the plaintiff. §1986.

## The Florida Supreme Court,

established that a party attempting to surpass the statute of limitations, typically, plaintiff, must necessarily carry the [burden of proof] to demonstrate circumstance that serve to toll the statute of limitations. **Haskins, 898 So. 2d at 1123-24 ... (quoting: *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979). Holding:** the statute is tolled in order to withstand "Motion for Summary-Judgment".

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc. Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

**Further:** **FHP-defendant (agent) [Costanzo]**, was a resident of Florida, and **[necessary-party-to suit]** who has been absent from the state for certain periods from the date of accident/injury to the filing of complaint, and sometime thereafter. **The** District Court, should find that material-fact exist, that the action is-not time barred. **Holding,** plaintiff, in support of a material-fact, in favor of the plaintiff, is: **Doc:69 April 15 2009**, Mandate the Eleventh-Circuit Court of Appeals, which verify appellants-case timely filed.

The [ Petition] **is filed within the time provided by § 95.11, supra**. Rule 1.2., Florida Rules of Civil Procedure, which is considered controlling on question of application of limitations, to a cause of action.  In *Klosenski v. Flaherty*, Fla. 1959, 116 So.2d 767,769 [Supreme-Court-Justice Roberts ... the statute is toll by the filing of complaint, in a civil action. The [Petition ] is filed before the running of the limitations-period and within the statutory time-limit.
Wherefore, "cause of action] is not-time barred. The plaintiffs, case is complex, and intertwine between state and federal action. The case has not face-trial since filing of petition, there are no hearings, and or access is therefore not granted to plaintiff, on demonstration of the claims. The case suffered three-dismissals. The plaintiff, a career service-employee was in [protected-class-of employment] . Although, dismissal occur on state action, and with prejudice, plaintiff is entitled to hearing, in respect to the **Title-VII** release, and right to suit letters.

## United States District Court,
## The Middle District Court of Fl. Hold Jurisdiction:

**Federal Question**: Title 28 U.S. Code **1331**; Title **28 US Code Section: 1343 (3) 1970**. Provide federal courts with original jurisdiction, without requirement of amount in controversy, over any civil action authorized by law. Further, to redress any deprivations under color of any state law, statute, ordinance, regulation, custom, usage, of any right, privilege or immunity secured by the constitution.

**Title VII:**

The Title VII- claims employment Discrimination, Title 42 USC §§ 2000e-2, 2000e-3, [2000e-5, administrative-remedies exhausted] Result: Right to suit letters issued from [EEOC] ,Commission-42  USC §2000e-5(f)(1). Under Title VII proof of right-to-suit-letters, court-docket.

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee. D. Bell v US Bank National Assoc.
Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee. D. Bell v Fed-EX.


The plaintiff, is entitled to Leave to Amend, Moreover, plaintiff, entitled to amendment, on grounds of career-service protected class of employment. See: CRA:1991 employers who violate Title-VII. [Employees, are protected from the filing of charges, discrimination, based on race.] Plaintiff, was not-an "at-will" employee, therefore  [FHP]cannot take adverse employment-action, in termination, which is protected characteristic. Further, plaintiff disabled, protected under Title VII, federal law-ADA.


Further, that case rest [primarily on federal-law]. The original-case is file: 12/05/2005, intertwine with both state and federal-law. Federal court has the obligation to determine if the state court decision rested on an independent and adequate state ground, **it was-not**. A judgment is decided on the Merits, of state-claim, leaving [federal-actions undecided, and or Un-address].


Aforemention, the case is interwoven with [**state and federal-law**]. The adequacy and independence of all possible federal-law claims had not been determined. Moreover, from the "face of the petition" that plaintiff, is Pro-Se, claims presented are decided on an assumed basis that the case appear to rest primarily on resolution of state claims, though they are interwoven with federal-action.

The court's decision did-not clearly and expressly rely on independent and adequate state-ground, that decision to dismiss premise on Title 42 USC §1983, in respect to state-officers and their status of protection under Sect. 1983.


**_Wherefore,_ this federal-court, may address the above-stated petition.**

Further, the tribunal-Court, did-not clearly and expressly state that the dismissal-order, is based only on "state-procedural-grounds." The tribunal clearly address the dismissal under Title 42-U.S.C. 1983 United States Code as [bar] that state-government, under the ambit of Section § 1983, have protection from the response to allegations. Above, tribunal-Court, fail to consider protection under Sect. §1983 which a stipulation demand-is part of the agreement. The defendants, fail the requirements enabling protections already granted.

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc.
Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

The denial of collective bargaining is a vestige-of slavery, and Jim Crow. The fight for public sector collective bargaining require multi-racial and multi-generational coalitions to come together and fight for workers rights. PERC-known as Public-Employees-Relations-Commission, Chapter 447- Part.2 Fl. Statutes, protects public workers, exposed to unfair treatment, and Unjust working conditions.

Because of denials to entitlements, such as the benefit of ordered mandate, Plaintiff, is deprived as others similarity situated. The opportunity to present case before the Courts, [which is denied] plaintiff suffered numerous unsafe conditions, un-usual acts, and injuries, that are willful, and without cause, those that are outside company policies, and procedures. The conduct also violated [Osha-protocol] moreover, violations inclusive of Florida, and U.S. Constitution. Harassment, with injuries, is filed under worker-comp.[ The denial of medical-Attention, premise on retaliation [whistle-blowing, and report on claimed injuries. Plaintiff, also suffer invasion  of privacy-monitoring, for filed claims. Disability claims, are denied that the injuries, were cause by employers-agent. The Constitutional violations under [Section 242 of Title 18], are cause by person acting under color of law. [employer-agent: Costanzo] Title 42 U.S. Code-Section §1983]. The difference between [Section 1983, and Section 242].

## Title 18 Section 242, Title 42 Section 1983

 On  [civil side ] is Title 42 U.S.C. Section §1983, which provides individuals with a civil cause of action to recover damages for the deprivation of such rights. On the [criminal -side] is Title 18 U.S.C. Section 242, which makes it a federal crime to willfully deprive someone of his constitutional rights.

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc.
Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance. Renee D. Bell v Fed-EX.

Wherefore, without discovery complete, [Began: Doc: 109-111] this court, according to instructions of mandate, [Doc:69] had-not stripped petition of claim that were not in support of, in respect to law. The above claims are dismissed. However, related conduct on [FHP] fall under the ambit of Section :242.

****************

## Further, other defendants, above caption:
(1). Defendants, US Bank National Assoc. Leader Mortgage, et.al-Oaks/Powers/Park. (2). Fed-EX.
Plaintiff, request of the Court-waiver of service, on Fed-Ex until case accepted

## The above defendants,

A.  US Bank National Assoc. /Leader Mortgage, defendant, [attach in this case, prior to case dismissal, on conspiracy/with defendants [FHP] See: Final-U.S. Appeals-Court Case:
B.  Fed-Ex, attach to this case-obstruction-of-Justice Conspiracy /with defendants [FHP] preparation of documents, [on this case before U.S. Supreme-Court, that dismissal-is premise on Untimely-documents.

****************************

Furthermore, the defendants, [FHP] are not entitled to qualified immunity. The defendants, [FHP] is granted qualified immunity, concerning state-claims Under Title 42 USC §1983, which dismissed the state claims, judgment is rendered, on the same. However, this Court, erred.

The Qualified Immunity, under §1983 only shields officials from civil-liability, if their actions have-not violated clearly established statutory or constitutional rights, of which a reasonable person would have known. The 'linchpin' of qualified immunity is objective reasonableness. Important to reasonableness inquiry, is whether the rights alleged to have been violated were clearly established at the time, of the challenged actions. If the law, supporting the allegedly violated rights, was not clearly established, then **Immunity** must lie. **Where the law, is clearly established, such as [in this case], and where no reasonable officer could believe he was acting in accordance with it, qualified immunity, WILL NOT ATTACH. ][Constitutional-restriction.**

Renee D Bell v Florida Highway Patrol, et.al Larry Costanzo, Renee D. Bell v US Bank National Assoc.
Merger /Leader Mortgage, et.al HOA Oak-Powers Park; et.al Marilyn Vance.  Renee D. Bell v Fed-EX.

**Final:** this United States District Court, erred in dismissal with prejudice that clearly amongst intertwine federal-claims, are plaintiffs protected whistle-blower disclosures.  The intent of the Florida Legislature in enacting the Whistleblower Act, was to prevent the government from retaliating against employees who report any abuse or neglect of duty, by a public employee. *Ujcic v. City of Apopka*, 581 So.2d 218 , 219 (Fla. 5th DCA 1991). The Florida Supreme Court , made it clear that the Act should be interpreted liberally, holding That it is a "remedial statute designed to encourage the elimination of public Corruption by protecting public employees, who blow the whistle… the statute Should be construed liberally in favor of granting access to the remedy".  See: *Irven v. Department of Health and Rehabilitative Services*, 790 So.2d 403, 405-06 (Fla. 2001).  (quoting: *Martin County v. Edenfield*, 609 So.2d 27,29 (Fla. 1992).

Respectfully,

/S/ Rdb 12/23/2022

## For above stated reasons:

Plaintiff, request grant of the above "Motion [and /or] continuance in same case."

*OR*/ alternative Grant of Certiorari, <u>United States Supreme Court</u>.

/S/ . Renee Denise Bell-Pro Se (689-949-2587)
PO Box 362
Winter Park, Fl 32790
Mailing Address:

## CERTIFICATE OF SERVICE:

Renee Denise Bell 12/23/2022

See : Emails court-verified:12/23/2022

Shelley B Cridlin : 501 E. Kennedy Blvd
Suite 1100, Tampa 33602
Fla/