UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEE D. BELL,

        Plaintiff,

v.                                            Case No.: 6:22-cv-2401-WWB-LHP

FLORIDA HIGHWAY PATROL, LARRY
COSTANZO, US BANK NATIONAL
ASSOCIATION
MERGER/LEADER/MORTGAGE, OAK
POWER PARK HOA, MARILYN VANCE
and FEDEX,

        Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Request & Reconsideration & Review of Order ("**Motion for Reconsideration**," Doc. 10), wherein Plaintiff seeks reconsideration of this Court's March 27, 2023 Order (Doc. 9) dismissing her case with prejudice.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence;

and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

As relevant to Plaintiff's Motion, on February 21, 2023, United States Magistrate Judge Leslie Hoffman Price issued a Report and Recommendation (Doc. 6), which was mailed to Plaintiff on February 22, 2023. Thereafter, Plaintiff filed an Objection (Doc. 8) twenty-nine days later on March 23, 2023. On March 27, 2023, this Court declined to consider Plaintiff's untimely objection, adopted the Report and Recommendation, and dismissed Plaintiff's case with prejudice. (Doc. 9 at 1–2). In his Motion for Reconsideration, it appears that Plaintiff is arguing that he did not timely receive the Report and Recommendation, thereby excusing his failure to timely file objections. However, as the Court noted in the March 27, 2023 Order, this argument could and should have been raised in the Objections. Furthermore, even if the Court were to consider

Plaintiff's argument at this juncture, he failed to state when he actually received the Report and Recommendation to allow the Court to determine if the delay in filing his Objection was excusable. Accordingly, the Court finds that Plaintiff has not presented sufficient cause for reconsideration of the March 27, 2023 Order and it is **ORDERED** and **ADJUDGED** that the Motion for Reconsideration (Doc. 10) is **DENIED**.

    **DONE AND ORDERED** in Orlando, Florida on April 13, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party